Hope C. Lefeber, Esquire
I.D. No. 31102
1500 JFK Boulevard; Suite 1205
Two Penn Center
Philadelphia, PA  19106
(610) 668-7927

_____

IN THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CRIMINAL NO. 16-276** |
| **BRENDEN SMITH** | : | |

**DEFENDANT BRENDEN SMITH'S
REPLY TO GOVERNMENT'S RESPONSE TO
MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Defendant, Brenden Smith, by and through his attorney, Hope C. Lefeber, respectfully submits this Reply to the Government's Response in Opposition to Defendant's Motion for Early Termination of Supervised Release ("*Response*").

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The defense is in agreement with the government's recitation of the facts.  It is undisputed that the defendant viewed child pornography on two occasions, February 25, 2015

1

and March 4, 2015. During the execution of the search warrant on August 13, 2015, he immediately admitted his wrongdoing. Thereafter, he plead guilty pursuant to a plea agreement which provided for a guideline range of 78-97 months. This Court granted the defense motion for a downward variance and sentenced him to 1 day of incarceration, followed by a 30 year period of supervised release.

II.     DISCUSSION

   A.     THE PLEA AGREEMENT DOES NOT BAR THE RELIEF SOUGHT

The government claims that the instant Motion for Early Termination of Supervised Release is barred by the appellate waiver in the defendant's plea agreement, citing *United States v. Damon*, 933 F. 3d. 269 (3d Cir. 2019). In support of its erroneous position, the government offers five (5) pages of irrelevant cases wherein motions for reductions of sentence were denied for a variety of reasons – lack of ambiguity in the sentence, whether the waiver was knowing and voluntary, whether enforcing the waiver would work a miscarriage of justice, none of which are applicable in this case.

What is curious by its absence from the Government's Response, is the fact that the waiver in the plea agreement in *Damon* is significantly different and far broader and more extensive in scope than the waiver provision in the instant case. The government also does not cite the numerous district court decisions that have held that *Damon* does not apply despite waiver provisions in the plea agreement, in cases where the language of the waiver is narrower than in *Damon*.

In *Damon*, the defendant agreed and waived within the plea agreement as follows:

> …the right to file any appeal, any collateral attack, <u>or any other writ or motion</u>, including but not limited to an appeal under 18 U.S.C. §3742 or a motion under 28 U.S.C. §2255, <u>which challenges the sentence imposed</u> by the sentencing court if that sentence falls within or below the Guidelines offense level of 33.
> *Ibid.,* at 271 (Emphasis added).

The Third Circuit in *Damon* held that this language, which included the words "or any other writ or motion" and "challenges the sentence" in the post-sentencing waiver encompassed the defendant's motion to terminate his supervised release. *Id. at 274-75.*

Such language is notably absent from the plea agreement in the instant case wherein the plea agreement bars only appeals and collateral attacks, and <u>does not</u> state a "writ or motion…which challenges the sentence imposed," as *Damon* expressly prohibited, The waiver provision in the instant case is far narrower in scope, waiving:

> …all rights to appeal or collaterally attack waived in the preceding paragraph may constitute a breach of this plea agreement" *Plea Agreement, Dkt. #8, ¶13, p. 7.*

The "preceding paragraph" provided:

> ..the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. §3742, 28 U.S.C. §1291, 28 U.S.C. §2255, or any other provision of law. *Plea Agreement, Dkt. #8, ¶12, p.6.*

In *United States v. Mabry,* 528 F. Supp. 3d 349 (E.D. Pa 2021), the language in the appellate waiver was far broader and more similar to that in *Damon* than in the instant case. Nonetheless, Judge Robreno held that the waiver provisions did not apply and granted the motion for early termination of supervised release. *See also United States v. DeSanto*, 2022 WL 686380 (D.C.

3

N.J. 2022)( holding that waiver language similar to that in *Mabry* did not bar the filing of a motion for termination of supervised relief)

In *United States v. Fluellen*, 2022 WL 309159 (E.D. Pa 2022), the plea agreement was identical to the plea agreement in the instant case and Judge Smith held that the Fluellen's:

> 'plea agreement is narrower [that that in *Damon*] and only bars appeals and collateral attacks,' *Mabry*, 528 F. Supp. 3d at 354, of his 'conviction, sentence, or any other matter relating to this prosecution.' Guilty Plea Agreement at ¶8.  This distinction is important because the Third Circuit focused significant attention on the 'challenges the sentence imposed' language in the plea agreement in *Damon*.  *See* 933 F. 3d at 274-75.  The Third Circuit defined the word 'challenges,' and determined that Damon's motion was a 'challenge to the sentence imposed.'  *Id.* at 274.

In the case at bar, as in *Fluellen*, the waiver does not contain the "challenges" language that was present in *Damon*.  Instead it is limited to barring defendant Smith from filing appeals and collateral attacks.  Judge Smith held that the filing of a motion for termination of supervised relief is "not an appeal or a collateral attack on his sentence." Citing *Mabry, Id,* at 354-55 ("Given the ordinary meaning of 'appeal' and 'collateral attack,' the waiver in this case does not bar Mabry's motion for early termination of supervised release.").  In *Fluellen,* Judge Smith further held:

> It is surely not an appeal from his sentence as this court is the same court which imposed the sentence in this case.  It is also not a collateral attack on his sentence. *See id.* at 354-55; *see also United States v. Chavez-Salais*, 337 F. 3d 1170, 1171 (10th Cir. 2003) (explaining that collateral attacks 'complain about the substance of, or proceedings that determined, a defendant's original sentence or conviction.  It is by no means obvious that a defendant's motion <u>to modify</u> his sentence … would be reasonably understood as a 'collateral attack' on his sentence as opposed to a motion prospectively to modify a sentence based on events occurring after the original sentence was imposed'); *United States v. Crews*  2020 WL 6581430, at *2

4

>(determining that waiver in plea agreement did not bar a motion for early termination of supervised release, and explaining that, *inter alia*, (1) '[w]hile Crews waived the right to appeal and collaterally attack his sentence in his Guilty Plea Agreement, he did not waive the right to file any other sort of motion with respect to his sentence' and (2) '[t]he instant motion does not constitute an appeal of Crew's sentence, request reconsideration of his sentence, or ask us to reverse or vacate any part of his sentence')' (citations omitted). *Fluellen*, 2022 WL 309159 at *6.

For all of these reasons, Judge Smith held that the plea agreement does not bar the motion seeking early termination of supervised release.

As such, based on the aforementioned precedents, the government's assertion that *Damon* bars the instant Motion for Early Termination of Supervised Release, is erroneous. The plea agreement in the instant case is far narrower in scope that that in *Damon*.

### B.   EARLY TERMINATION IS WARRANTED

The government correctly notes that the defendant has completed extensive psychological therapy to address his problems. The defense is in the process of obtaining all of the records that exist regarding his treatment and will produce them for the government. However, the records date back eight (8) years and some of the programs encompassed anonymous meetings as to which there are no records.

The government's position is basically that "full compliance with the terms of supervision is expected and does not justify early termination." *Response* at p. 12 (the pages of the *Response* are not numbered). Mr. Smith complied above and beyond what was required. The Special Conditions of his release only required "Mental Health Treatment Sex Offender." It

did not require all of the additional programs and classes that he voluntarily attended and continues to attend to the present date.

Lastly, the government correctly notes that Mr. Smith is still required to register pursuant to SORNA. Therefore, he remains a registered sex offender subject to supervision and required visits related to registration even if his supervised release is terminated.

### III.   CONCLUSION

For all of these reasons, the defense respectfully requests that this Court grant the defendant's Motion for Early Termination of Supervised Release.

Respectfully,

HOPE C. LEFEBER, LLC

By:

*[signature: Hope C. Lefeber]*

_____
HOPE C. LEFEBER, ESQUIRE

## **CERTIFICATE OF SERVICE**

I certify that a copy of the attached Reply to Government's Response to Motion for Early Termination of Supervised Release was served upon all counsel of record by electronic filing, on March 11, 2024.

/s/

_____

HOPE C. LEFEBER